Dale M. Cendali
Joshua L. Simmons
Megan L. McKeown
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
megan.mckeown@kirkland.com

*Attorneys for Plaintiff Take-Two Interactive Software, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | Case No.  1:18-cv-2981 |
| Plaintiff, | ECF Case |
| - against - | |
| ERIK CAMERON and CHRISTOPHER PEI, | |
| Defendants. | |

## COMPLAINT

Plaintiff Take-Two Interactive Software, Inc. ("Take-Two"), by and through its attorneys, Kirkland & Ellis LLP, for its Complaint, hereby alleges against Defendants Erik Cameron  and Christopher Pei (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1.     This action seeks to recover damages that Take-Two has suffered and to prevent the irreparable harm that continues to threaten Take-Two as a result of Defendants' willful infringement of Take-Two's valuable intellectual property rights in and to its world-famous video games and breach of Take-Two's End User License Agreement ("User Agreement").

Specifically, upon information and belief, Defendants acting in concert with other individuals in Europe created, distributed, and/or maintained a computer program called "Infamous" that alters Take-Two's *Grand Theft Auto V* video game (the "Infringing Program"). The Infringing Program is a cheating and "griefing" tool that allows users to perform unauthorized actions in Take-Two's *Grand Theft Auto V* ("GTAV") multiplayer feature *Grand Theft Auto Online*. These unauthorized actions can be used to benefit the person who installed the program or to the detriment of others playing in the same multiplayer session.

2.      In a deliberate attempt to profit from Take-Two's valuable intellectual property, Defendants sell the Infringing Program to users who can then alter Take-Two's video game. These alterations are intended to and do allow users to cheat while playing Take-Two's game, both to (a) create benefits for themselves within the game that they have not purchased or earned, or (b) to alter the game of other players in the same gaming session without authorization. As a result, the Infringing Program disrupts the user experience that was designed by Take-Two resulting in further harm to Take-Two and its users.

3.      Defendants are well aware that the Infringing Program is unauthorized and infringes Take-Two's rights. In fact, Take-Two contacted Defendants prior to bringing this lawsuit in an attempt to settle the parties' dispute without requiring judicial intervention. Take-Two demanded that Defendants cease their willful and infringing conduct. Defendants have refused to comply. Indeed, upon information and belief, Defendants and others have updated the Infringing Program twice after receiving notices from Take-Two, and they continue to distribute and support the program in violation of Take-Two's rights. In fact, one of the updates distributed since Take-Two contacted the Defendants allows Infamous to continue operating even if the Infamous authentication servers are turned off. The other was developed to

circumvent new protections published by Take-Two that had temporarily stopped Infamous from working.

4.     In sum, Defendants have engaged, and continue to engage, in a pattern and practice of knowingly, intentionally and willfully infringing Take-Two's copyrights.  Defendants are attempting to profit by violating Take-Two's rights and User Agreement.  Moreover, despite Take-Two's repeated requests that Defendants cease their infringing activities, Defendants have continued to misappropriate and profit from Take-Two's copyrighted content.

5.     Accordingly, due to Defendants' blatant and willful infringement and refusal to cease and desist, Take-Two has no choice but to file this lawsuit seeking injunctive relief and damages that it has suffered as a result of Defendants' direct and contributory copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, as well as for their breach of Take-Two's User Agreement, their tortious interference with Take-Two's contracts with other GTAV players, and their unfair competition with Take-Two.

## PARTIES

6.     Plaintiff Take-Two Interactive Software, Inc. is a Delaware corporation having its principal place of business in the State of New York and is qualified to do business and is doing business in the State of New York and in this judicial district.

7.     Defendant Erik Cameron is an individual who, upon information and belief, resides in the State of Indiana.

8.     Defendant Christopher Pei is an individual who, upon information and belief, resides in the State of New York.

## JURISDICTION AND VENUE

9.     This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and New York state law.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

10.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

I.     **Take-Two and Its Award-Winning Video Games**

11.     Take-Two is the developer and publisher of best-selling video games, including the *Red Dead, Max Payne*, and *Grand Theft Auto* series.  Take-Two's games are widely recognized as some of the most popular and innovative games available on the market, and Take-Two has earned numerous awards both in the United States and abroad as a result.

12.     Take-Two has invested vast resources, including time, effort, talent, creativity, and money, to produce its video games.  Its games have large followings of fans throughout the world, making Take-Two one of the world's most popular video game publishers.

13.     Take-Two owns the copyrights for each of its video games, including GTAV.

14.     GTAV has been registered with the Copyright Office.

15.     Attached hereto as **Exhibit 1**, and incorporated herein by reference, is a true and correct copy of the Certificate of Registration issued by the Copyright Office for GTAV.  Exhibit 1 reflects the date upon which Take-Two applied for certificate of registration and, where applicable, the date on which the certificate was issued and the registration number assigned.

16.     GTAV is a video game that was the product of Take-Two's skills, resources, and creative energies.  It is of great value to Take-Two.

17.     Take-Two is, and at all times material herein was, the sole owner and proprietor of all right, title, and interest in and to the copyrights in GTAV.  The copyrights in GTAV are presently valid and subsisting and were valid and subsisting at all times affecting the matters complained of herein.

18.     To play Take-Two's video games, including GTAV, users must agree to the terms of Take-Two's User Agreement.  Among the terms provided in Take-Two's User Agreement,

users are (1) "not to . . . prepare derivative works based on, or otherwise modify the Software, in whole or in part," (2) "not to  . . . restrict or inhibit any other user from using and enjoying any online features of the Software," and (3) "not to . . . cheat or utilize any unauthorized robot, spider, or other program in connection with any online features of the Software."

19.     The permission that Take-Two grants users to play GTAV is expressly conditioned on these terms.  As a result, if a user breaches these conditions, his or her use of Take-Two's GTAV video game is no longer authorized, including the reproduction of the GTAV software in the user's computer or console.  In other words, continuing to play GTAV after breaching these provisions of Take-Two's User Agreement not only constitutes a breach of the User Agreement, but also copyright infringement.

## II.     Defendants and the Infringing Program

20.     Upon information and belief, Defendants—acting in concert with two individuals in Europe—created, distributed, and/or maintained the Infringing Program, which is a cheating and "griefing" tool for GTAV.  The Infringing Program allows users to perform unauthorized actions, including without limitation affecting in-game content and abilities of themselves and other players.  In other words, Defendants' creation and use of the Infringing Program alters and creates derivative works based on GTAV, which are used to alter the game for the benefit of the user or to "grief" other players by altering their games without permission.

21.     As a result, Defendants breached Take-Two's User Agreement conditions. Moreover, they have infringed Take-Two's copyrights in two ways: first by continuing to use GTAV after breaching those conditions, and second by creating an unauthorized derivative work based on GTAV.

22.     Defendants know that they did not have Take-Two's permission to create, distribute, and/or maintain such a computer program.  Take-Two contacted Defendants,

demanding that they discontinue their participation in the Infringing Program and similar cheating tools and services.

23.     Through counsel, Take-Two again contacted Defendants and demanded that they cease their actions.  Defendants have not done so.  Instead, upon information and belief, Defendants—acting in concert with the individuals in Europe—responded by updating the Infringing Program to improve its performance.

24.     Despite Take-Two's repeated efforts to resolve this dispute without court intervention, Defendants have refused to cease their infringing actions and, upon information and belief, continue to use Take-Two's content in the manner described above.

**III.    The Harm to Take-Two**

25.     As discussed above, Take-Two produces video games for which it receives revenue from video game sales and the purchases within the game.

26.     Defendants' willful infringement robs Take-Two of these revenues.  The Infringing Program (1) allows Defendants to profit commercially without paying Take-Two anything, and (2) devalues and causes substantial harm to the value of GTAV.  Thus, Take-Two has been damaged by Defendants' conduct in an amount to be determined according to proof, but at a minimum, $500,000.00.

27.     Moreover, upon information and belief, unless enjoined by this Court, Defendants intend to continue to infringe upon Take-Two's copyrights and otherwise to profit from Take-Two's video games.

28.     Accordingly, Take-Two has suffered irreparable damages.  Take-Two has no adequate remedy at law to redress all of the injuries that Defendants have caused and intend to cause by their conduct.  Take-Two will continue to suffer irreparable damage until Defendants' actions alleged above are enjoined by this Court.

## CLAIMS FOR RELIEF

### COUNT I
### Direct Copyright Infringement (17 U.S.C. § 101 *et seq.*)

29.     Take-Two repeats and realleges each and every allegation above as if fully set forth herein.

30.     GTAV is an original, creative work and copyrightable subject matter under the laws of the United States.

31.     Take-Two is the owner of valid copyrights in GTAV, and the Register of Copyrights has issued a valid Certificate of Registration as indicated in Exhibit 1.

32.     Take-Two has complied in all respects with 17 U.S.C. §§ 101, *et seq.*, and has secured the exclusive rights and privileges in and to the copyrights in its video games and content.

33.     By their actions, alleged above, Defendants have infringed and will continue to infringe Take-Two's copyrights in and relating to GTAV by, *inter alia*, using the Infringing Program to create derivative works using GTAV without any authorization or other permission from Take-Two, as well as continuing to use GTAV having violated the conditions on such use.

34.     Defendants' infringement of Take-Two's copyrights has been deliberate, willful and in utter disregard of Take-Two's rights.

35.     Upon information and belief, as a direct and proximate result of its wrongful conduct, Defendants have obtained benefits, including, but not limited to, payments from users to which Defendants are not entitled.

36.     As a direct and proximate result of Defendants' wrongful conduct, Take-Two has been substantially and irreparably harmed in an amount not readily capable of determination. Unless restrained by this Court, Defendants will cause further irreparable injury to Take-Two.

37.     Take-Two is entitled to injunctive relief enjoining Defendants, and all persons acting in concert or participation with him, from engaging in any further infringement of Take-Two's copyrighted video games and content.

38.     Take-Two is further entitled to recover from Defendants the damages, including attorney's fees and costs, it has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of his acts of infringement as alleged above.  At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Take-Two, but is at a minimum $500,000.00 and will be established according to proof at trial.  Take-Two also is entitled to recover statutory damages for Defendants' willful infringement of its copyrights.

### COUNT II
### Contributory Copyright Infringement (17 U.S.C. § 101 *et seq.*)

39.     Take-Two repeats and realleges each and every allegation above as if fully set forth herein.

40.     GTAV is an original, creative work and copyrightable subject matter under the laws of the United States.

41.     Take-Two is the owner of valid copyrights in GTAV, and the Register of Copyrights has issued a valid Certificate of Registration as indicated in Exhibit 1.

42.     Take-Two has complied in all respects with 17 U.S.C. §§ 101, *et seq.*, and has secured the exclusive rights and privileges in and to the copyrights in its video games and content.

43.     By their actions, alleged above, Defendants have provided copies, or portions thereof, of the Infringing Program to third-parties.

44.     Those third-parties, through their use of the Infringing Program, also infringe Take-Two's copyrights, *inter alia*, using the Infringing Program to create derivative works of GTAV without any authorization or other permission from Take-Two, as well as continuing to use GTAV after violating the conditions on such use.

45.     Defendants had knowledge of the infringement of these third-parties and, in fact, intentionally encouraged and induced such use.  Moreover, Defendants materially contributed to the direct infringement by working in concert with others to create, distribute, and/or maintain the Infringing Program necessary for the infringement to occur.

46.     Defendants also had knowledge of and materially contributed to the infringements of other individuals engaged in creating, distributing, and/or maintaining the Infringing Program.

47.     Defendants' contributory infringement of Take-Two's copyrights has been deliberate, willful and in utter disregard of Take-Two's rights.

48.     Upon information and belief, as a direct and proximate result of their wrongful conduct, Defendants have obtained benefits, including, but not limited to, payments from users to which Defendants are not entitled.

49.     As a direct and proximate result of Defendants' wrongful conduct, Take-Two has been substantially and irreparably harmed in an amount not readily capable of determination. Unless restrained by this Court, Defendants will cause further irreparable injury to Take-Two.

50.     Take-Two is entitled to injunctive relief enjoining Defendants, and all persons acting in concert or participation with him, from contributing to any further infringement of Take-Two's copyrighted video games and content.

51.     Take-Two is further entitled to recover from Defendants the damages, including attorney's fees and costs, it has sustained and will sustain, and any gains, profits and advantages

obtained as a result of the acts of contributory infringement as alleged above.  At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Take-Two, and will be established according to proof at trial.  Take-Two also is entitled to recover statutory damages for Defendants' willful contributory infringement of its copyrights.

### COUNT III
### Breach of Contract

52.     Take-Two repeats and realleges each and every allegation above as if fully set forth herein.

53.     Take-Two's User Agreement is a valid and enforceable contract.  Among other things, to play Take-Two's video games, users must affirmatively agree to abide by the User Agreement.

54.     Take-Two has fully performed or tendered all performance required under the User Agreement.

55.     Defendants have breached their obligations under the User Agreement by (1) altering GTAV and creating derivative works based on it; (2) restricting and inhibiting others from using and enjoying GTAV; and/or (3) cheating and using unauthorized programs in connection with GTAV's online features.

56.     Take-Two is entitled to recover compensatory and consequential damages resulting from Defendants' breach of the User Agreement.

### Count IV
### Tortious Interference with Contract

57.     Take-Two repeats and realleges each and every allegation above as if fully set forth herein.

58.     As discussed above, Take-Two's users must affirmatively assent to Take-Two's User Agreement before playing GTAV.  That agreement contains specific provisions that prohibit, among other things, altering GTAV and cheating.

59.     Take-Two fulfilled all of its obligations pursuant to the User Agreement.

60.     As GTAV users, Defendants were aware of the User Agreement and its obligations on those that play GTAV.

61.     Despite agreeing to the User Agreement, Defendants have induced, and continue to induce, other GTAV players to breach their contractual responsibilities by using the Infringing Program for purposes expressly prohibited by the User Agreement.

62.     Defendants' actions in inducing these breaches of contract are intentional, illegal, and have been engaged in for the specific purpose of inducing the GTAV players using the Infringing Program to breach their agreements with Take-Two.

63.     As a proximate result of Defendants' tortious interference with contract, Take-Two has been damaged, and Defendants have been unjustly enriched, in an amount to be determined at trial.

## COUNT V
**Unfair Competition**

64.     Take-Two repeats and realleges each and every allegation above as if fully set forth herein.

65.     As detailed above, Take-Two expends considerable time and expense in producing and distributing its video games.  Take-Two's content and its reputation have significant monetary value to Take-Two.

66.     Defendants' Infringing Program interferes with the proper operation of GTAV, as well as the gaming experience of those players that abide by Take-Two's User Agreement and

do not use the Infringing Program.  By doing so, Defendants take commercial advantage of GTAV and unfairly compete with Take-Two.

67.     Moreover, Defendants have misappropriated Take-Two's labor and expenditures in bad faith.

68.     As a result, Defendants gain a special advantage over Take-Two because Defendants bear none of the expense of producing video games.  Upon information and belief, Defendants have made, and continue to make, substantial profits as a direct result of their interference with GTAV.

69.     As a result of Defendants' misappropriation, Take-Two has suffered significant commercial and monetary damages as well as injury to its reputation.

70.     Take-Two has no remedy at law that will adequately address all of the past and continuing harm it has and will suffer as a result of Defendants' past and continuing conduct. As a direct and proximate result of Defendants' conduct, Take-Two has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Take-Two respectfully requests judgment against Defendants as follows:

A.     Find that Defendants have infringed Take-Two's copyrights in GTAV directly and contributorily;

B.     Find a substantial likelihood that Defendants will continue to infringe Take-Two's intellectual property unless enjoined from doing so;

C.     Find that Defendants have breached the User Agreement;

D.     Find that Defendants have tortiously interfered with Take-Two's contracts with its other GTAV players;

E.   Find that Defendants have unfairly competed with Take-Two;

F.   Issue a preliminary and permanent injunction enjoining Defendants and all persons, firms and corporations acting in concert with them, from directly or indirectly infringing Take-Two's copyrights, including, but not limited to, (a) creating derivative works based upon any portion of Take-Two's video games, including GTAV; (b) producing or distributing any computer programs that alter Take-Two's games, including without limitation the Infringing Program; and (c) from participating or assisting in any such activity;

G.   Order Defendants to render a full and complete accounting to Take-Two for Defendants' profits, gains, advantages or the value of the business opportunities received from the foregoing acts of infringement and breach;

H.   Enter judgment for Take-Two against Defendants for all damages suffered by Take-Two and for any profits or gain by Defendants attributable to infringement of Take-Two's intellectual property, breach of the User Agreement, tortious interference with contract, and unfair competition in amounts to be determined at trial;

I.   Enter judgment for Take-Two against Defendants for statutory damages based upon Defendants' willful acts of infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*;

J.   Award Take-Two costs and disbursement of this action, including reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505;

K.   Award Take-Two pre-judgment and post-judgment interest, to the fullest extent available, on the foregoing; and

L.      Grant such other, further and different relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Take-Two demands a trial by jury on all issues so triable in this action.

Dated:  New York, New York                    KIRKLAND & ELLIS LLP
        April 4, 2018

                                        _/s/ Dale M. Cendali_
                                        _____
                                        Dale M. Cendali
                                        Joshua L. Simmons
                                        Megan L. McKeown
                                        KIRKLAND & ELLIS LLP
                                        601 Lexington Avenue
                                        New York, New York 10022
                                        Telephone: (212) 446-4800
                                        Facsimile: (212) 446-4900
                                        dale.cendali@kirkland.com
                                        joshua.simmons@kirkland.com
                                        megan.mckeown@kirkland.com

                                        Attorneys for Plaintiff
                                        Take-Two Interactive Software, Inc.