Zachary G. Meyer, Esq.
SUTTON SACHS MEYER PLLC
14 Penn Plaza, Suite 1315
New York, NY 10102
Telephone: (212) 480-4357
Facsimile: (212) 480-4351
Zachary@ssm.law
*Attorneys for Defendant Erik Cameron*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

TAKE-TWO INTERACTICE SOFTWARE, INC.,

                                 *Plaintiff*,

                 -against-

ERIK CAMERON and CHRISTOPHER PEI,

                                 *Defendants*.

-------------------------------------------------------------------X

Case No. 1:18-cv-02981
ECF

**ANSWER WITH**
**CROSS-CLAIMS**

       Defendant ERIK CAMERON (hereinafter, "Defendant"), by and through their attorneys, SUTTON SACHS MEYER PLLC, as and for their Answer to the Complaint of plaintiff TAKE-TWO INTERACTICE SOFTWARE, INC. (hereinafter, "Plaintiff") dated April 4th, 2018 (hereinafter, the "Complaint"), and as and for Defendant's Cross-Claims against defendant CHRISTOPHER PEI (hereinafter, "Pei") and other such presently unknown individuals and/or entities to be joined to the action hereof, hereby respond and allege the following upon information and belief:

<u>**GENERAL DENIAL**</u>

       To the extent that any allegations contained in Plaintiff's Complaint are not specifically admitted herein, Defendant denies such allegations contained in Plaintiff's Complaint.

**NATURE OF THE ACTION**

1.      Defendant denies each and every allegation contained in "Paragraph No. 1" of Plaintiff's Complaint.

2.      Defendant denies each and every allegation contained in "Paragraph No. 2" of Plaintiff's Complaint.

3.      Defendant denies each and every allegation contained in "Paragraph No. 3" of Plaintiff's Complaint.

4.      Defendant denies each and every allegation contained in "Paragraph No. 4" of Plaintiff's Complaint.

5.      Defendant denies each and every allegation contained in "Paragraph No. 5" of Plaintiff's Complaint.

**PARTIES**

6.      Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in "Paragraph No. 6" of Plaintiff's Complaint, and therefore denies the same.

7.      Defendant admits that Defendant resides in the State of Indiana.

8.      Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in "Paragraph No. 8" of Plaintiff's Complaint, and therefore denies the same.

**JURISDICTION & VENUE**

9.      Defendant denies each and every allegation contained in "Paragraph No. 9" of Plaintiff's Complaint.

10.     Defendant denies each and every allegation contained in "Paragraph No. 10" of Plaintiff's Complaint.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

**I.      Take-Two and Its Award-Winning Video Games.**

11.     Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in "Paragraph No. 11" of Plaintiff's Complaint, and therefore denies the same.

12.     Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in "Paragraph No. 12" of Plaintiff's Complaint, and therefore denies the same.

13.     Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in "Paragraph No. 13" of Plaintiff's Complaint, and therefore denies the same.

14.     Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in "Paragraph No. 14" of Plaintiff's Complaint, and therefore denies the same.

15.     Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in "Paragraph No. 15" of Plaintiff's Complaint, and therefore denies the same.

16.     Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in "Paragraph No. 16" of Plaintiff's Complaint, and therefore denies the same.

17.     Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in "Paragraph No. 17" of Plaintiff's Complaint, and therefore denies the same.

18.     Defendant denies each and every allegation contained in "Paragraph No. 18" of Plaintiff's Complaint.

19.     Defendant denies each and every allegation contained in "Paragraph No. 19" of Plaintiff's Complaint.

**II.     Defendants and the Infringing Program.**

20.     Defendant denies each and every allegation contained in "Paragraph No. 20" of Plaintiff's Complaint.

21.     Defendant denies each and every allegation contained in "Paragraph No. 21" of Plaintiff's Complaint.

22.     Defendant denies each and every allegation contained in "Paragraph No. 22" of Plaintiff's Complaint.

23.     Defendant denies each and every allegation contained in "Paragraph No. 23" of Plaintiff's Complaint.

24.     Defendant denies each and every allegation contained in "Paragraph No. 24" of Plaintiff's Complaint.

**III.     The Harm to Take-Two.**

25.     Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in "Paragraph No. 25" of Plaintiff's Complaint, and therefore denies the same.

26.     Defendant denies each and every allegation contained in "Paragraph No. 26" of Plaintiff's Complaint.

27.     Defendant denies each and every allegation contained in "Paragraph No. 27" of Plaintiff's Complaint.

28.     Defendant denies each and every allegation contained in "Paragraph No. 28" of Plaintiff's Complaint.

## CLAIMS FOR RELIEF

## AS AND FOR A RESPONSE TO COUNT I

29.     Defendant denies each and every allegation contained in "Paragraph No. 29" of Plaintiff's Complaint.

30.     Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in "Paragraph No. 30" of Plaintiff's Complaint, and therefore denies the same.

31.     Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in "Paragraph No. 31" of Plaintiff's Complaint, and therefore denies the same.

32.     Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in "Paragraph No. 32" of Plaintiff's Complaint, and therefore denies the same.

33.     Defendant denies each and every allegation contained in "Paragraph No. 33" of Plaintiff's Complaint.

34.     Defendant denies each and every allegation contained in "Paragraph No. 34" of Plaintiff's Complaint.

35.     Defendant denies each and every allegation contained in "Paragraph No. 35" of Plaintiff's Complaint.

36.     Defendant denies each and every allegation contained in "Paragraph No. 36" of Plaintiff's Complaint.

37.     Defendant denies each and every allegation contained in "Paragraph No. 37" of Plaintiff's Complaint.

38.     Defendant denies each and every allegation contained in "Paragraph No. 38" of Plaintiff's Complaint.

## AS AND FOR A RESPONSE TO COUNT II

39.     Defendant denies each and every allegation contained in "Paragraph No. 39" of Plaintiff's Complaint.

40.     Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in "Paragraph No. 40" of Plaintiff's Complaint, and therefore denies the same.

41.     Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in "Paragraph No. 41" of Plaintiff's Complaint, and therefore denies the same.

42.     Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in "Paragraph No. 42" of Plaintiff's Complaint, and therefore denies the same.

43.     Defendant denies each and every allegation contained in "Paragraph No. 43" of Plaintiff's Complaint.

44.     Defendant denies each and every allegation contained in "Paragraph No. 44" of Plaintiff's Complaint.

45.     Defendant denies each and every allegation contained in "Paragraph No. 45" of Plaintiff's Complaint.

46.     Defendant denies each and every allegation contained in "Paragraph No. 46" of Plaintiff's Complaint.

47.     Defendant denies each and every allegation contained in "Paragraph No. 47" of Plaintiff's Complaint.

48.     Defendant denies each and every allegation contained in "Paragraph No. 48" of Plaintiff's Complaint.

49.     Defendant denies each and every allegation contained in "Paragraph No. 49" of Plaintiff's Complaint.

50.     Defendant denies each and every allegation contained in "Paragraph No. 50" of Plaintiff's Complaint.

51.     Defendant denies each and every allegation contained in "Paragraph No. 51" of Plaintiff's Complaint.

## AS AND FOR A RESPONSE TO COUNT III

52.     Defendant denies each and every allegation contained in "Paragraph No. 52" of Plaintiff's Complaint.

53.     Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in "Paragraph No. 53" of Plaintiff's Complaint, and therefore denies the same.

54.    Defendant denies each and every allegation contained in "Paragraph No. 54" of Plaintiff's Complaint.

55.    Defendant denies each and every allegation contained in "Paragraph No. 55" of Plaintiff's Complaint.

56.    Defendant denies each and every allegation contained in "Paragraph No. 56" of Plaintiff's Complaint.

## AS AND FOR A RESPONSE TO COUNT IV

57.    Defendant denies each and every allegation contained in "Paragraph No. 57" of Plaintiff's Complaint.

58.    Defendant denies each and every allegation contained in "Paragraph No. 58" of Plaintiff's Complaint.

59.    Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in "Paragraph No. 59" of Plaintiff's Complaint, and therefore denies the same.

60.    Defendant denies each and every allegation contained in "Paragraph No. 60" of Plaintiff's Complaint.

61.    Defendant denies each and every allegation contained in "Paragraph No. 61" of Plaintiff's Complaint.

62.    Defendant denies each and every allegation contained in "Paragraph No. 62" of Plaintiff's Complaint.

63.    Defendant denies each and every allegation contained in "Paragraph No. 63" of Plaintiff's Complaint.

## AS AND FOR A RESPONSE TO COUNT V

64.     Defendant denies each and every allegation contained in "Paragraph No. 64" of Plaintiff's Complaint.

65.     Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in "Paragraph No. 65" of Plaintiff's Complaint, and therefore denies the same.

66.     Defendant denies each and every allegation contained in "Paragraph No. 66" of Plaintiff's Complaint.

67.     Defendant denies each and every allegation contained in "Paragraph No. 67" of Plaintiff's Complaint.

68.     Defendant denies each and every allegation contained in "Paragraph No. 68" of Plaintiff's Complaint.

69.     Defendant denies each and every allegation contained in "Paragraph No. 69" of Plaintiff's Complaint.

70.     Defendant denies each and every allegation contained in "Paragraph No. 70" of Plaintiff's Complaint.

## AS AND FOR A RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

71.     Defendant denies that Plaintiff is entitled to any of the requests, findings, damages, demands for the issuance of injunctive relief or any other Order of this Court, and/or Judgment against Defendant, with an award of pre-judgment interest, post-judgment interest, costs, disbursements, and attorneys' fees, as demanded in the "Prayer for Relief" of Plaintiff's Complaint, inclusive of subparagraphs "A" through "L".

## **AFFIRMATIVE DEFENSES**

72.     Defendant sets forth his Affirmative Defenses below. Each Affirmative Defense is asserted as to all claims alleged in Plaintiff's Complaint against Defendant. By setting forth the following Affirmative Defenses, Defendant does not assume the burden of proving any fact, issue, or element of a claim where such burden is properly borne by Plaintiff.

73.     As and for Defendant's First Affirmative Defense, Plaintiff's Complaint fails to state any claims upon which this Court may grant relief.

74.     As and for Defendant's Second Affirmative Defense, the claims contained in Plaintiff's Complaint are barred by the applicable statutes of limitation.

75.     As and for Defendant's Third Affirmative Defense, Plaintiff has failed to join indispensible parties to the action hereof.

76.     As and for Defendant's Fourth Affirmative Defense, this Court is an improper venue to hear the action hereof, and accordingly, the Complaint should be dismissed against Defendant, or the action hereof should be transferred to a proper venue.

77.     As and for Defendant's Fifth Affirmative Defense, Plaintiff's claims hereof are barred, in whole or in part, by the doctrine of waiver.

78.     As and for Defendant's Sixth Affirmative Defense, Plaintiff's claims hereof are barred, in whole or in part, by the doctrine of ratification.

79.     As and for Defendant's Seventh Affirmative Defense, Plaintiff's claims hereof are barred, in whole or in part, by the doctrine of consent.

80.     As and for Defendant's Eighth Affirmative Defense, Plaintiff's claims hereof are barred, in whole or in part, by the doctrine of laches.

81.     As and for Defendant's Ninth Affirmative Defense, Plaintiff's claims hereof are barred, in whole or in part, by the doctrine of estoppel.

82.     As and for Defendant's Tenth Affirmative Defense, Plaintiff's claims hereof are barred, in whole or in part, by the doctrine of unclean hands.

83.     As and for Defendant's Eleventh Affirmative Defense, Plaintiff's claims hereof are barred, in whole or in part, by the doctrine of assumption of risk.

84.     As and for Defendant's Twelfth Affirmative Defense, Plaintiff's claims hereof are barred, in whole or in part, by the doctrine of *res judicata*.

85.     As and for Defendant's Thirteenth Affirmative Defense, Plaintiff's claims hereof are barred, in whole or in part, by the doctrine of collateral estoppel.

86.     As and for Defendant's Fourteenth Affirmative Defense, Plaintiff's claims hereof are barred, in whole or in part, by the doctrine of *in pari delicto*.

87.     As and for Defendant's Fifteenth Affirmative Defense, Plaintiff's claims hereof are barred, in whole or in part, as Plaintiff failed to mitigate their alleged damages.

88.     As and for Defendant's Sixteenth Affirmative Defense, Plaintiff's claims hereof are barred, in whole or in part, as Plaintiff is not in privity with Defendant.

89.     As and for Defendant's Seventeenth Affirmative Defense, Plaintiff's claims hereof are barred, in whole or in part, as Plaintiff has engaged in malicious prosecution against Defendant by virtue of their commencement of the action hereof; without admitting any liability in the action hereof, Defendant will seek an equitable apportionment of liability, should this Court make a finding of liability against Defendant.

90.     As and for Defendant's Eighteenth Affirmative Defense, liability in this matter falls upon the conduct of some party other than Defendant, for which Defendant will seek

indemnity and/or contribution; because liability in this matter falls upon the conduct of some party other than Defendant, this action should not proceed in the absence of such other indispensible parties who should be a party to the action hereof.

91.     As and for Defendant's Nineteenth Affirmative Defense, Plaintiff's Complaint should be dismissed for failure to plead with particularity as required by the Federal Rules of Civil Procedure.

92.     As and for Defendant's Twentieth Affirmative Defense, Plaintiff's claims hereof are barred, in whole or in part, as Defendant invoke the doctrine of *respondeat superior*.

93.     As and for Defendant's Twenty-First Affirmative Defense, Plaintiff's claims hereof are barred, in whole or in part, as Defendant invoke the doctrine of vicarious liability.

94.      As and for Defendant's Twenty-Second Affirmative Defense, Plaintiff's claims hereof are barred, in whole or in part, as Defendant invoke the doctrine of vicarious liability.

## CROSS-CLAIMS

Defendant-Cross-Claimant (hereinafter, "Defendant"), by and through its undersigned counsel SUTTON SACHS MEYER PLLC, as and for their Cross-Claims against co-defendant Pei and other such presently unknown entities to be joined to the action hereof, hereby alleges the following upon information and belief:

## PARTIES

95.     Upon information and belief, Plaintiff is a Delaware corporation having its principal place of business in the Sate of New York and is qualified to do business and is doing business in the State of New York and in this District.

96.     Defendant is an individual who resides in the State of Indiana.

97.     Upon information and belief, co-defendant Pei is an individual who resides in the State of New York.

## JURISDICTION & VENUE

98.     This Court has subject-matter jurisdiction over Defendant's Cross-Claims by virtue of 28 U.S.C. § 1331 because Plaintiff's direct claims arise under federal law, and by virtue of 28 U.S.C. § 1367(a), because they are so related to Plaintiff's claims that they form part of the same case or controversy under Article III of the United States Constitution.

99.     In the event that this Court finds that this is the proper venue for the action hereof, then venue is proper in this District pursuant to 28 U.S.C. §§1391 and 1400.

## FACTS COMMON TO ALL CROSS-CLAIMS

100.     At all relevant times herein, Defendant never created, distributed, and/or maintained the alleged computer program called "Infamous" that alters Plaintiff's *Grand Theft Auto V* video game (hereinafter, the "Infringing Program").

101.     At all relevant times herein, Defendant never profited from the alleged Infringing Program.

102.     At all relevant times herein, liability in this matter falls upon other such presently unknown individuals and/or entities to be joined to the action hereof.

## CROSS-CLAIM I AGAINST PEI

103.     Defendant repeats, reiterates, and re-alleges each and every allegation contained in all preceding paragraphs heretofore as if fully set forth herein.

104.     Upon information and belief, at all relevant times herein, Pei and other such presently unknown individuals and/or entities to be joined to the action hereof are principals of

the alleged Infringing Program, and are actively involved in the creation, distribution, and/or maintenance of such alleged Infringing Program.

105.    At all relevant times herein, if Defendant is found to be an agent of the alleged Infringing Program, Plaintiff only has claims against the principal of the alleged Infringing Program.

106.    As such, liability and/or damages found against Defendant arising out of the alleged Infringing Program, if any, are properly borne by Pei and other such presently unknown individuals and/or entities to be joined to the action hereof.

107.    By virtue of the foregoing, Defendant demands judgment from Pei and other such presently unknown individuals and/or entities to be joined to the action hereof for any and all liability arising from the action hereof, in the amount of damages assessed at trial of the instant action, plus an award of all costs, disbursement, and attorneys' fees incurred in defending the instant action.

## CROSS-CLAIM II AGAINST PEI

108.    Defendant repeats, reiterates, and re-alleges each and every allegation contained in all preceding paragraphs heretofore as if fully set forth herein.

109.    Upon information and belief, at all relevant times herein, Pei and other such presently unknown individuals and/or entities to be joined to the action hereof are principals of the alleged Infringing Program, and are actively involved in the creation, distribution, and/or maintenance of such alleged Infringing Program.

110.    At all relevant times herein, if Defendant is found to be an employee or agent of the alleged Infringing Program, Pei and other such presently unknown individuals and/or entities

to be joined to the action hereof shall be liable to Plaintiff for such alleged injuries to Plaintiff's property.

111.    Such alleged injuries allegedly sustained to Plaintiff's property allegedly arises out of Defendant's misconduct, misfeasance, or other such unlawful acts in association with the alleged Infringing Program.

112.    At all relevant times herein, if Defendant is found to be an employee or agent of the alleged Infringing Program, all of Defendant's acts in furtherance of the alleged Infringing Program were done within the scope of Defendant's authority vested by Pei and other such presently unknown individuals and/or entities to be joined to the action hereof, whether such authority is express, implied, and/or inferred from the alleged course of dealings by and amongst Defendant, Pei, and other such presently unknown individuals and/or entities to be joined to the action hereof.

113.    As such, liability and/or damages found against Defendant arising out of the alleged Infringing Program, if any, are properly borne by Pei and other such presently unknown individuals and/or entities to be joined to the action hereof.

114.    By virtue of the foregoing, Defendant demands judgment from Pei and other such presently unknown individuals and/or entities to be joined to the action hereof for any and all liability arising from the action hereof, in the amount of damages assessed at trial of the instant action, plus an award of all costs, disbursement, and attorneys' fees incurred in defending the instant action.

## <u>CROSS-CLAIM III AGAINST PEI</u>

115.    Defendant repeats, reiterates, and re-alleges each and every allegation contained in all preceding paragraphs heretofore as if fully set forth herein.

116.    In the event that Plaintiff recovers judgment against Defendant at trial of the action hereof, by virtue of the foregoing, Defendant is entitled to indemnification and judgment over co-defendant Pei, and other such presently unknown individuals and/or entities to be joined to the action hereof, by reason of the wrongful actions of co-defendant Pei, and other such presently unknown individuals and/or entities to be joined to the action hereof.

117.    The culpability of Defendant in the action hereof will have been secondary, if at all, and the culpable acts of co-defendant Pei, and other such presently unknown individuals and/or entities to be joined to the action hereof will have been primary.

118.    By reason of the foregoing, if Plaintiff secures a finding of liability against Defendant, then Defendant will be damages and continue to sustain damages.

119.    By reason of the foregoing, Defendant is entitled to indemnification from co-defendant Pei, and other such presently unknown individuals and/or entities to be joined to the action hereof, for any and all amounts that Defendant may have to pay to Plaintiff, plus an award of all costs, disbursement, and attorneys' fees incurred in defending the instant action.

## **CROSS-CLAIM IV AGAINST PEI**

120.    Defendant repeats, reiterates, and re-alleges each and every allegation contained in all preceding paragraphs heretofore as if fully set forth herein.

121.    In the event that Plaintiff recovers judgment against Defendant at trial of the action hereof, by virtue of the foregoing, Defendant is entitled to contribution and judgment over co-defendant Pei, and other such presently unknown individuals and/or entities to be joined to the action hereof, in the amount of the apportionment of fault against co-defendant Pei, and other such presently unknown individuals and/or entities to be joined to the action hereof.

122.    By reason of the foregoing, if Plaintiff secures a finding of liability against Defendant, then Defendant will be damaged and continue to sustain damages.

123.    By virtue of the foregoing, Defendant demands judgment against Pei and other such presently unknown individuals and/or entities to be joined to the action hereof for any and all liability arising from the action hereof, in the amount of Defendant's equitable apportionment of damages assessed at trial of the instant action, plus an award of all costs, disbursement, and attorneys' fees incurred in defending the instant action.

## CROSS-CLAIM V AGAINST PEI

124.    Defendant repeats, reiterates, and re-alleges each and every allegation contained in all preceding paragraphs heretofore as if fully set forth herein.

125.    In the event that Plaintiff recovers judgment against Defendant at trial of the action hereof, by virtue of the foregoing, Defendant is entitled to implied indemnification and/or common law indemnification and judgment over co-defendant Pei, and other such presently unknown individuals and/or entities to be joined to the action hereof, by virtue of agency principles, including the doctrines of vicarious liability and/or *respondeat superior*.

126.    The culpability of Defendant in the action hereof will have been secondary, if at all, and the culpable acts of co-defendant Pei, and other such presently unknown individuals and/or entities to be joined to the action hereof will have been primary.

127.    By reason of the foregoing, if Plaintiff secures a finding of liability against Defendant, then Defendant will be damaged and continue to sustain damages.

128.    By reason of the foregoing, Defendant is entitled to implied indemnification and/or common law indemnification from co-defendant Pei, and other such presently unknown individuals and/or entities to be joined to the action hereof, for any and all amounts that

Defendant may have to pay to Plaintiff, plus an award of all costs, disbursement, and attorneys' fees incurred in defending the instant action.

## PRAYER FOR RELIEF

**WHEREFORE,** defendant ERIK CAMERON respectfully requests judgment against plaintiff TAKE-TWO INTERACTIVE SOFTWARE, INC., and co-defendant CHRISTOPHER PEI as follows:

A.    Dismissing Plaintiff's Complaint against defendant ERIK CAMERON in its entirety, with prejudice;

B.    Dismissing Plaintiff's Complaint for failure to join indispensible parties to the action hereof;

C.    Finding co-defendant CHRISTOPHER PEI, and other such presently unknown individuals and/or entities to be joined to the action hereof vicariously liable for any finding of liability against defendant ERIK CAMERON;

D.    Finding co-defendant CHRISTOPHER PEI, and other such presently unknown individuals and/or entities to be joined to the action hereof vicariously liable by virtue of the doctrine of *respondeat superior* for any finding of liability against defendant ERIK CAMERON;

E.    Granting defendant ERIK CAMERON'S Cross-Claims for indemnification, implied indemnification, and/or contribution, against co-defendant CHRISTOPHER PEI, and other such presently unknown individuals and/or entities to be joined to the action hereof;

F.    Awarding defendant ERIK CAMERON'S Cross-Claims for costs, disbursements, and attorneys' fees incurred in defending the instant action; and

G.      Granting such other and further relief as this Court may deem just and proper.

Dated:          New York, New York
                April 23rd, 2018


                                        Yours etc.,
                                        **SUTTON SACHS MEYER PLLC**
                                        *Attorneys for Defendant Erik Cameron*

                                        /s/ Zachary G. Meyer, Esq.
                                        Zachary G. Meyer, Esq.
                                        14 Penn Plaza, Suite 1315
                                        New York, NY 10122
                                        t. (212) 480-4357
                                        e. Zachary@ssm.law


*Via* ECF:      KIRKLAND & ELLIS LLP
                601 Lexington Avenue
                New York, NY 10022
                (212) 446-4800
                *Attorneys for Plaintiff*