# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, NY 10022
United States

Dale M. Cendali, P.C.
To Call Writer Directly:
+1 212 446 4846
dale.cendali@kirkland.com

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

June 26, 2018

**Via ECF**

Hon. Debra Freeman
United States Magistrate Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

      Re:    *Take-Two Interactive Software, Inc. v. Cameron*, No. 18 Civ. 2981 (LAK)(DF)

Dear Judge Freeman:

We represent Plaintiff Take-Two Interactive Software, Inc. ("Take-Two") in the above-referenced litigation. We write to request that Your Honor enter the enclosed schedule, as well as to respond to the letter filed by counsel for Defendant Erik Cameron, Mr. Meyer (Dkt. No. 36).

**A.    The Court Should Enter the Attached Schedule**

With regard to a schedule for this litigation, by way of background, in anticipation of the initial pretrial conference before Judge Kaplan previously scheduled for today, June 26, 2018, the parties held a discovery planning conference pursuant to Federal Rule of Civil Procedure 26(f) on June 14, 2018. Based on the parties' discussion during that conference, on June 20, 2018, Take-Two provided the dates in the enclosed proposed scheduling order to Defendants Erik Cameron and Christopher Pei for consideration.[1] The order conforms to the requirements set forth in Judge Kaplan's May 8, 2018 Order in this case (Dkt. No. 24). *Pro se* Defendant Mr. Pei responded that he would let us know if he had any edits to the schedule, and to date, Mr. Pei has had no comments.

Mr. Meyer, however, did not originally respond. On June 25, 2018, Take-Two followed up with Mr. Meyer, and on June 26, 2018, we met and conferred regarding the proposed scheduling order. During that call, Mr. Meyer suggested for the first time that a scheduling order should not be entered until Take-Two's motion to strike Mr. Cameron's affirmative defenses and Mr. Cameron's motion to amend his answer were resolved. As we explained, Take-Two's

---

[1] Take-Two has updated the proposed order in light of Mr. Meyer's refusal to comment on or approve Take-Two's proposal, discussed below.

# KIRKLAND & ELLIS LLP

Hon. Debra Freeman
June 26, 2018
Page 2

position is that the pending motions do not vitiate the need for a schedule as, regardless of what happens to Mr. Cameron's answer, Take-Two's complaint is unaffected. We further indicated that Take-Two would ask Your Honor to enter its proposed schedule if Mr. Cameron refused to comment on or approve the proposal. Mr. Meyer refused to participate further in submitting a proposed scheduling order. Thus, Take-Two has no choice but to submit the enclosed schedule without the agreement of the parties and to request that the Court order it so that this case may proceed in an orderly manner toward trial.

**B.     Response to Mr. Meyer's June 26, 2018 Letter Motion**

Subsequent to the telephonic meet and confer, Mr. Meyer sent an e-mail to Take-Two raising for the first time the idea of contacting Your Honor to request a scheduling conference. He did so in an e-mail that was sent at 1:46 p.m. today.

Before we had an opportunity to consider the matter and discuss with our client Take-Two, less than two hours later, at approximately 3:13 p.m., and without input from Take-Two, Mr. Meyer filed his letter requesting a conference. As the parties had not discussed requesting a scheduling conference in our meet and confer, Mr. Meyer's letter motion does not comply with Your Honor's Individual Rule C.

Nevertheless, Take-Two welcomes an initial conference before Your Honor to address any issues requiring such a conference. There, however, is no reason to wait to enter the scheduling order, particularly as Mr. Meyer's letter does not raise any concerns about the dates set forth therein.

In addition, Mr. Meyer raises Take-Two's pending motion to strike Mr. Cameron's affirmative defenses and Mr. Cameron's motion to amend his answer. As we indicated in our letter response to Judge Kaplan (Dkt. No. 29), we recognize the liberal amendment rules, and thus, in the interest of an orderly proceeding, Take-Two does not oppose Mr. Cameron's cross-motion to amend his answer. Of course, if Mr. Cameron files his amended answer, Take-Two has reserved its right to file a new motion to strike to the extent that the amended answer suffers from similar deficiencies to Mr. Cameron's original answer.

Mr. Meyer's letter also raises the issue of subject matter jurisdiction. This issue, however, is not properly before this Court. Tellingly, in his letter to Your Honor, Mr. Cameron states that his motion to amend his answer has "raised the specter of this Court's lack of subject matter jurisdiction." Dkt. No. 36. He goes on to cite to a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction in another case, *Take-Two Interactive Software, Inc. v. Zipperer*, Case No. 18 Civ. 02608 (LLS), but Mr. Cameron has not made such a motion in this action. *Id.*

# KIRKLAND & ELLIS LLP

Hon. Debra Freeman
June 26, 2018
Page 3

     Instead, tacked on at the end of Mr. Cameron's motion to amend his answer, he raised for the first time the issue of subject matter jurisdiction.  Mr. Cameron, however, failed to file a Rule 12(b)(1) motion.  Rather, he merely filed a motion to amend his answer pursuant to Rule 15.  Thus, Mr. Cameron's motion to amend his answer does not seek any relief related to subject matter jurisdiction.  Moreover, Mr. Cameron's proposed amended answer undercuts his own argument, as Paragraph 127 states that "This Court has subject-matter jurisdiction over Defendant's Cross-Claims by virtue of 28 U.S.C. § 1331 because Plaintiff's direct claims arise under federal law, and by virtue of 28 U.S.C. § 1367(a), because they are so related to Plaintiff's claims that they form part of the same case or controversy under Article III of the United States Constitution."  (Dkt. No. 33).

     In any case, as Take-Two has clearly pleaded a copyright claim, it makes no sense to suggest that there is no subject matter jurisdiction here.  Indeed, 28 U.S.C. § 1338 expressly grants exclusive subject matter jurisdiction in copyright cases to federal courts.  In addition, to the extent Mr. Cameron is asserting a lack of subject matter jurisdiction because Take-Two also has brought a breach of contract claim, it is well-settled law, and indeed it is a common fact pattern, that a party can assert both breach of contract and copyright claims in the same action.  *See e.g.*, *Frankel v. Stein & Day, Inc.*, 470 F. Supp. 209, 210 (S.D.N.Y. 1979) (plaintiff stated a copyright claim where defendant's breach of a term of the license agreement caused the license to terminate and all rights previously granted to revert immediately to the plaintiff), *aff'd*, 646 F.2d 560 (2d Cir. 1980).  Thus, this Court clearly has subject matter jurisdiction.  *See Marshall v. New Kids On The Block P'ship*, 780 F. Supp. 1005, 1010 (S.D.N.Y. 1991) (denying motion to dismiss for lack of subject matter jurisdiction as the plaintiff alleged that the defendant exceeded the scope of its license, which constitutes copyright infringement).

     Of course, if the Court wishes further briefing on this issue, Take-Two would be happy to oblige, but we respectfully suggest it should be done pursuant to a proper motion.  None of this, however, changes the fact that discovery is open and that a schedule should be issued.

                                                               Sincerely,

                                                              Dale M. Cendali, P.C.

Enclosure
  cc:       Counsel of record (via ECF)
              Mr. Christopher Pei (via U.S. mail and e-mail)