**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | Case No. 1:18-cv-2981 (LAK)(DCF) |
| Plaintiff, | ECF Case |
| - against - | |
| ERIK CAMERON and CHRISTOPHER PEI, | |
| Defendants. | |

**CONSENT JUDGMENT AND STIPULATED PERMANENT INJUNCTION**
**AGAINST DEFENDANT CHRISTOPHER PEI**

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Take-Two Interactive Software, Inc. ("Take-Two") and Defendant Christopher Pei ("Pei") (collectively, the "Parties"), that this Consent Judgment and Permanent Injunction (the "Permanent Injunction") be entered in the present action as set forth below without further notice or process:

WHEREAS, Take-Two is the developer and publisher of best-selling video games, including the *Red Dead*, *Max Payne*, and *Grand Theft Auto* series; and

WHEREAS, Take-Two is the sole owner of all right, title, and interest in and to the *Grand Theft Auto* series ("GTA") and the software it develops (collectively, the "Take-Two Software"), including all copyrights; and

WHEREAS, Mr. Pei acted in concert with a group of individuals in the United States (including Defendant Erik Cameron),  Europe, and Australia to develop and distribute computer programs called Infamous and Menyoo that create unauthorized derivative works of GTA and that allow players to cheat in GTA; and

WHEREAS, as a result, Mr. Pei has infringed Take-Two's copyrights;

- 1 -

WHEREAS, as a result, Mr. Pei has breached Take-Two's End User License Agreement ("User Agreement");

WHEREAS, as a result, Mr. Pei has tortiously interfered with the contracts between Take-Two and other GTA users;

WHEREAS, as a result, Mr. Pei has unfairly competed with Take-Two;

WHEREAS, Mr. Pei's violations of the Copyright Act and New York law have caused, and continue to cause, Take-Two great and irreparable injury that cannot be fully compensated or measured in money;

WHEREAS, Mr. Pei has profited from his infringements;

WHEREFORE, upon the consent and request of Take-Two and Mr. Pei, IT IS HEREBY ORDERED, ADJUDGED, and DECREED THAT:

1.      Mr. Pei is permanently enjoined and restrained from:

(a)      directly or indirectly infringing Take-Two's existing or future copyrighted works, including, but not limited to, creating derivative works based upon any portion of Take-Two Software, including GTA;

(b)      creating, writing, developing, maintaining, producing, advertising, promoting, possessing, accessing, using, and/or distributing any computer program that alters Take-Two Software (directly or indirectly, in whole or in part, in any medium, and through any means including but not limited to cloud streaming, vpn, or remote access), including without limitation Infamous and Menyoo;

(c)      inducing or materially contributing to the direct infringement or altering of any of Take-Two's existing or future copyrighted works by others;

(d)      violating Take-Two's User Agreement by, among other things, "prepar[ing] derivative works based on, or otherwise modify[ing] [Take-Two] Software, in whole or in part," "restrict[ing] or inhibit[ing] any other user from using and enjoying any online features of [Take-Two] Software," or "utiliz[ing] any unauthorized robot, spider, or other program in connection with any online features of the [Take-Two] Software";

(e)      intentionally or tortiously interfering with Take-Two's contracts with its video game players by encouraging or inducing other players of Take-Two Software, including GTA, to breach their contractual responsibilities to Take-Two;

- 2 -

(f)     interfering with the gaming experience of other players through the use of a computer program that alters Take-Two Software;

(g)     operating or assisting any website designed to assist others in creating, writing, developing, maintaining, producing, advertising, promoting, possessing, accessing, using, and/or distributing any computer program that alters Take-Two Software, including GTA; and

(h)     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referenced in paragraphs 1(a) through 1(g), above.

2.     To the extent Mr. Pei has not already done so, Mr. Pei is hereby ordered to permanently delete and destroy all copies of any computer program that alters Take-Two Software, including without limitation Menyoo and Infamous.

3.     No bond or posting of security is required of the Parties in connection with the entry of this Permanent Injunction.

4.     The Court shall retain jurisdiction to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and/or enforce the provisions of this Permanent Injunction.  Mr. Pei specifically consents to personal jurisdiction and venue in the United States District Court for the Southern District of New York.

5.     Upon proof of any violation by Mr. Pei of this Permanent Injunction, the Court shall be authorized to award damages, injunctive relief, Take-Two's reasonable attorney's fees, and other costs incurred in connection with an action to enforce this Permanent Injunction, and any other relief that it deems appropriate.

6.     This Permanent Injunction shall resolve Take-Two's claims against Mr. Pei.

7.     Each party shall bear its own attorney's fees and costs in connection with this Action, except as may otherwise be agreed to by and between the Parties.

8.     Mr. Pei affirms that his consent to this Stipulation is given freely and voluntarily, and after having had the opportunity to discuss same with its legal counsel.

9.      Mr. Pei waives any objection under Federal Rule of Civil Procedure 65(d).

Dated: New York, New York
       August 24, 2018

Dale M. Cendali
Joshua L. Simmons
Megan L. McKeown
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
megan.mckeown@kirkland.com

*Attorneys for Plaintiff*

Christopher Pei

*Defendant*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____, 2018

                                                    _____
                                                    Hon. Lewis A. Kaplan
                                                    United States District Judge